IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GILDERSLEEVE HOLDINGS AG, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., CARMAX BUSINESS SERVICES, LLC, DICE HOLDINGS, INC., DICK'S SPORTING GOODS, INC., INDEED, INC., MONSTER WORLDWIDE, INC., NEWEGG, INC., OPENTABLE, INC., PUBLIX SUPER MARKETS, INC., SIMPLY HIRED, INC., and TIGERDIRECT, INC.<br><br>    Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gildersleeve Holdings AG LLC ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Amazon.com, Inc., Carmax Business Services, LLC, Dice Holdings, Inc., Dick's Sporting Goods, Inc., Indeed, Inc., Monster Worldwide, Inc., Newegg, Inc., Opentable, Inc., Publix

Super Markets, Inc., Simply Hired, Inc., and TigerDirect, Inc. (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1.     This is a patent infringement action concerning Defendants' infringement of Plaintiff's United States Patent No. 7,000,183 entitled "Method and Apparatus for Viewer-Specific Presentation of Information" ("the '183 patent"), a copy of which is attached hereto as Exhibit A.  Plaintiff is the exclusive licensee of the '183 patent with respect to the Defendants.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.     Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware.  Plaintiff maintains its principal place of business at 1224 Mill Street, Building B, Suite 212, East Berlin, Connecticut 06023.  Plaintiff is the exclusive licensee of the '183 patent with respect to the Defendants, and possesses the right to sue for infringement and recover past damages.

3.     Upon information and belief, Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of the State of Delaware, with

its principal place of business located at 1200 12th Avenue South, Suite 1200, Seattle, Washington 98144.

4. Upon information and belief, Carmax Business Services, LLC. ("Carmax") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 12800 Tuckahoe Creek Parkway, Richmond, Virginia 23238.

5. Upon information and belief, Dice Holdings, Inc. ("Dice") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 4101 NW Urbandale Drive, Urbandale, Iowa 50322.

6. Upon information and belief, Dick's Sporting Goods, Inc. ("DSG") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 345 Court Street, Coraopolis, Pennsylvania 15108.

7. Upon information and belief, Indeed, Inc. ("Indeed") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 177 Broad Street, 6th Floor, Stamford, Connecticut 06901.

8. Upon information and belief, Monster Worldwide, Inc. ("Monster") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 622 Third Avenue, 39th Floor, New York, New York 10017.

9. Upon information and belief, Newegg, Inc. ("Newegg") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 16839 East Gale Avenue, City of Industry, California 91745.

10. Upon information and belief, Opentable, Inc. ("Opentable") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 799 Market Street, 4th Floor, San Francisco, California 94103.

11. Upon information and belief, Publix Super Market, Inc. ("Publix") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 3300 Publix Corporate Parkway, Lakeland, Florida 33811.

12. Upon information and belief, Simply Hired, Inc. ("Simply Hired") is a corporation organized and existing under the laws of the State of Delaware, with

its principal place of business located at 2513 Charleston Road, Suite 200, Mountain View, California 94043.

13. Upon information and belief, Tigerdirect, Inc. ("Tigerdirect") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 7795 West Flagler Street, Suite 35, Miami, Florida 33144.

## JURISDICTION AND VENUE

14. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

15. The Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Georgia and the Northern District of Georgia; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Georgia and in the Northern District of Georgia; each Defendant has sought protection and benefit from the laws of the State of Georgia; each Defendant regularly conducts business within the State of Georgia and within the Northern District of Georgia; and/or Plaintiff's

causes of action arise directly from Defendants' business contacts and other activities in the State of Georgia and in the Northern District of Georgia.

16.     More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Georgia, and the Northern District of Georgia.  Upon information and belief, each Defendant has committed patent infringement in the State of Georgia and in the Northern District of Georgia.  Each Defendant solicits customers in the State of Georgia and in the Northern District of Georgia.  Each Defendant has many paying customers who are residents of the State of Georgia and the Northern District of Georgia and who each use respective Defendant's products and services in the State of Georgia and in the Northern District of Georgia.

17.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

18.     The '183 patent was duly and legally issued by the United States Patent and Trademark Office on September 5, 2000 after full and fair examination. Plaintiff is the exclusive licensee of the '183 patent with respect to the Defendants,

and possesses all rights of recovery under the '183 patent with respect to the Defendants, including the right to sue for infringement and recover past damages.

19. Upon information and belief, Amazon has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.amazon.com.

20. Upon information and belief, Carmax has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.carmax.com.

21. Upon information and belief, Dice has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.dice.com.

22. Upon information and belief, DSG has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing,

offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.dickssportinggoods.com.

23.     Upon information and belief, Indeed has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.indeed.com.

24.     Upon information and belief, Monster has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.monster.com.

25.     Upon information and belief, Newegg has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.newegg.com.

26. Upon information and belief, Opentable has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.opentable.com.

27. Upon information and belief, Publix has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the websites http://www.tomthumb.com and http://www.publix.com.

28. Upon information and belief, Simply Hired has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the website http://www.simplyhired.com.

29. Upon information and belief, Tigerdirect has infringed and continues to infringe one or more claims of the '183 patent by making, using, providing,

offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, systems and methods for viewer-specific presentation of information, including via the websites http://www.tigerdirect.com and http://www.compusa.com.

30. Upon information and belief, to the extent any Defendants lacked actual knowledge of the '183 Patent prior to this lawsuit, at a minimum they had constructive notice of the '183 Patent by operation of at least 35 U.S.C. § 287.

31. Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

32. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

33. Defendants' infringement of Plaintiff's exclusive rights under the '183 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## **JURY DEMAND**

34. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. An adjudication that one or more claims of the '183 patent have been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants;

B. An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

C. That one or more of the Defendants' acts of infringement be found to be willful from the time that Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

D. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of infringement with respect to the claims of the '183 patent;

E. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

F. Any further relief that this Court deems just and proper.

Respectfully submitted, this 16th day of February, 2011.

                                  KENT LAW, P.C.

                                  s/*Daniel A. Kent*
                                  Daniel A. Kent
                                  Georgia Bar Number 415110
                                  555 N Point Ctr E Ste 400
                                  Alpharetta, GA 30022
                                  dan@kentiplit.com
                                  Tel: (404) 585-4214
                                  Fax: (404) 829-2412

                                  Attorney for Plaintiff